# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| SPRINGBOK SERVICES, INC., ) | Chapter 7 |
| ) | Case No. 10-25285-HRT |
| EIN: 20-3400089 ) | |
| ) | |
| _Debtor._ ) | |
| ) | |
| JOSEPH G. ROSANIA, Chapter 7 Trustee ) | |
| ) | |
| _Plaintiff_, ) | Adv. Proc. No. _____ |
| ) | |
| vs. ) | |
| ) | |
| VIAWEST, INC., ) | |
| ) | |
| _Defendant_. ) | |

## COMPLAINT

Joseph G. Rosania, the Chapter 7 trustee ("_Trustee_") of the bankruptcy estate of Springbok Services, Inc. ("_Debtors_"), pursuant to 11 U.S.C. § 547, hereby alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2. This Court has exclusive jurisdiction over all of the property, wherever located, of Debtor as of the commencement of the bankruptcy case, and of property of the estate, pursuant to 28 U.S.C. §1334(e).

3. Plaintiff's claims are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. ViaWest, Inc. ("_Defendant_") is a Colorado corporation. Upon information and belief, Defendant's principal street address is 6400 S. Fiddler's Green Cir., Ste. 2000, Greenwood Village, CO.

## GENERAL ALLEGATIONS

6. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 18, 2010 (the "*Petition Date*"). The Chapter 11 reorganization case was converted on Debtor's motion to a liquidation case under Chapter 7 on November 29, 1010. Trustee is the duly appointed and acting Chapter 7 Trustee of Debtor's bankruptcy estate.

7. Prior to the Petition Date, Debtor made or caused to be made the following payments (collectively the "*Payments*") to Defendant during the 90-day period immediately prior to the bankruptcy filing (the "*Preference Period*"):

| Check No. | Date    | Amount             |
|-----------|---------|--------------------|
| 7244      | 4/16/10 | $9,144.95          |
|           | 5/7/10  | $9,469.45          |
|           |         |                    |
|           |         | Total:  $18,614.40 |

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Payments
### Pursuant to Bankruptcy Code § 547)

8. Trustee incorporates paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. The Payments were transfers of Debtor's property.

10. The Payments were made to or for the benefit of Defendant.

11. The Payments were made for or on account of an antecedent debt owed by Debtor to Defendant before such Payments were made.

12. The Payments were made while the Debtor was insolvent. Pursuant to 11 U.S.C. § 547(f) Debtor is presumed to be insolvent on and during the 90 days immediately preceding the Petition Date.

13. The Payments enabled Defendant to receive more than it would receive if (i) the case were a case under Chapter 7, (ii) the Payments had not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

14. The Payments are avoidable as preferential transfers pursuant to Bankruptcy Code § 547(b).

15. Trustee asserts that through discovery, it may become known that additional payments were made by Debtor to Defendant during the Preference Period. Trustee asserts that

all or a portion of such additional payments may be avoidable as preferential transfers under Bankruptcy Code § 547(b) and are included herein in the definition of "Payments."

## SECOND CLAIM FOR RELIEF
### (Recovery of Payments Pursuant to Bankruptcy Code § 550)

16. The Trustee re-alleges paragraphs 1 through 15 of this Complaint and incorporates them as if fully set forth herein.

17. Defendant was the initial transferee of the Payments.

18. Pursuant to Bankruptcy Code § 550, Trustee is entitled to recover the Payments from Defendant.

## THIRD CLAIM FOR RELIEF
### (Disallowance of Claim Pursuant to Bankruptcy Code § 502(d))

19. Trustee re-alleges paragraphs 1 through 18 of this Complaint and incorporates them as if fully set forth herein.

20. Bankruptcy Code § 502(d) provides:

> the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547. . . of this title, unless such entity or transferee has paid the amount, or turned over such property.

21. In this proceeding, Trustee is requesting that the Court disallow all claims held by Defendant against the estate pursuant to Bankruptcy Code § 502(d) if Defendant is holding any Payment avoidable and recoverable under Bankruptcy Code § 547 through 551. In this proceeding, Trustee is not objecting to the allowance of any claim held by Defendant on any other grounds and expressly reserves the right to object to Defendant's claim(s), if any, on any other grounds by filing an objection in the main bankruptcy proceeding.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays that the Court enter an Order:

(a) declaring that the Payments are avoidable and recoverable by the Trustee as preferential transfers pursuant to Bankruptcy Code §§ 547 and 550;

(b) awarding judgment in favor of Trustee and against Defendant (i) in the amount of the Payments; (ii) for such other amounts as may become known through discovery and proven at trial; and (iii) for all costs and attorneys' fees as provided by law;

(c) disallowing any claim held by Defendant against the estate pursuant to Bankruptcy Code § 502(d) if the Court enters an order declaring all or a portion of the Payments

are avoidable and recoverable pursuant to Bankruptcy Code § 547 through 551, unless Defendant has paid the amount avoidable and recoverable to the estate; and

(d) granting such other and further relief as this Court deems just and proper.

Date: June 15, 2012

Respectfully submitted,

CONNOLLY, ROSANIA & LOFSTEDT, P.C.

By: */s/ Joli A. Lofstedt*
Joli A. Lofstedt, Esq. #21946
390 Interlocken Crescent, Suite 490
Broomfield, CO 80021
(303) 661-9292
(303) 661-9555 – fax
joli@crlpc.com

*Attorneys for Joseph G. Rosania, Chapter 7 Trustee*